UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 MAR 31 PM 2: 50

CLERK

BY_____
DEPUTY CLERK

SRUJAN VEERAMANENI,                )
                                   )
        Plaintiff,                 )
                                   )
                                   )
                                   )
        v.                         )          Case No. 2:25-cv-827
                                   )
JOSEPH B. EDLOW, in his official   )
capacity as Director of United States )
Citizenship and Immigration Services, )
                                   )
        Defendant.                 )

## ORDER ON MOTION TO DISMISS AND ON MOTION TO CHANGE VENUE
### (Docs. 3, 5)

Plaintiff Srujan Veeramaneni instituted this lawsuit under the Administrative Procedure

Act ("APA"), 5 U.S.C. § 500 et seq., on October 14, 2025, alleging unreasonable delay by U.S.

Citizenship and Immigration Services ("USCIS") in making a *bona fide* determination ("BFD")

on his application for U nonimmigrant status ("U visa"). (Doc. 1.) Two of USCIS's five service

centers process U visas: the Vermont Service Center and the Nebraska Service Center. U.S.

Citizenship & Immigr. Servs., *Service Center Forms Processing*, https://www.uscis.gov/forms

/all-forms/service-center-forms-processing, [https://perma.cc/UHY3-GHC7]. Defendant has

filed a motion to dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3),

noting that Plaintiff's U visa is being proceed by the Nebraska Service Center and, therefore, that

his case has no connection to the District of Vermont. (Doc 3.) In the alternative, they seek

transfer of the case to the District of Nebraska, where the U visa is being processed; the District

of Maryland, where USCIS is headquartered; or the Middle District of Alabama, where Plaintiff

resides. (*Id.*) Plaintiff has filed a response opposing the motion (Doc. 4) as well as a motion to

transfer the case to the Middle District of Alabama (Doc. 5).

In civil actions against a U.S. agency or the officer of such an agency, venue is generally proper in three places: the "judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). The District of Vermont satisfies none of these prongs. First, "a federal agency does not reside in a district merely by virtue of having an office in that district." *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 463 (S.D.N.Y. 2005) (citing *Schwarz v. IRS*, 998 F. Supp. 201, 202 (N.D.N.Y. 1998). Rather, "venue with respect to a federal officer or employee is proper in the place of his or her official residence, where his or her official duties are performed." *Id.* at 464 (citing *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 266 n.3 (7th Cir. 1978)). Defendant Edlow does not perform his official duties in Vermont.

No part of the events or omissions giving rise to this claim occurred in Vermont. As he acknowledges, Petitioner's U visa application is being processed at the USCIS Service Center in Lincoln, Nebraska. (Doc. 4-1.) And, according to his complaint, Petitioner resides in Montgomery, Alabama. (Doc. 1 ¶ 1.) Venue is not proper in Vermont.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005). "When determining whether transfer pursuant to Section 1406(a) is appropriate, a court may take into account the ultimate goal of the 'expeditious and orderly adjudication of cases and controversies

2

on their merits.'" *United States ex rel. Donohue v. Carranza*, 585 F. Supp. 3d 383, 388 (S.D.N.Y. 2022) (quoting *Meserole St. Recycling, Inc. v. CSX Transp., Inc.*, No. 06-CV-4652, 2007 WL 2891424, at *4 (E.D.N.Y. Sept. 28, 2007) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962))). Courts may consider a variety of other issues as well, including "(1) whether the claim would be meritless 'in the court that has jurisdiction' . . . and (2) the Plaintiffs' diligence in choosing a proper forum." *Raymond Loubier Irrevocable Trust v. Loubier*, 765 F. App'x 560, 561 (2d Cir. 2019) (quoting *Daniel*, 428 F.3d at 436; then citing *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992)).

In arguing for dismissal rather than transfer, Defendant quotes *Huddleston v. Bondi*, No. 25-cv-3002, 2025 WL 2097358, at *10 (D. Neb. July 25, 2025) for the proposition that "[b]oth Rule 12(b)(3) and § 1406(a) suggest that a case laying venue in the wrong district should be dismissed—at least absent other considerations." (Doc. 3 at 5 (quoting *Huddleston*, 2025 WL 2097358, at *10)). Here, other considerations warrant transfer. Plaintiff is a citizen and national of Indian who is proceeding pro se in this matter. He ultimately seeks a decision by USCIS that could allow him to work legally in this country and that would protect him from removal from the United States. He asserts in his motion to transfer venue that he filed this action in Vermont "because USCIS publicly lists Vermont as one of the service centers handling U-visa related adjudications" and that he "reasonably believed that venue was therefore proper." (Doc. 5 at 2.)

Given the difficulty Plaintiff would likely experience in attempting to re-file his case, the human interests at stake in this case, and the general preference for resolving cases on their merits, transfer is in the interest of justice. Further delay will harm Plaintiff, and transfer will not prejudice Defendant.

3

## Conclusion

The court GRANTS in part and DENIES in part Defendant's Motion to Dismiss or Transfer. (Doc. 3.) The court GRANTS Plaintiff's Motion to Transfer Venue (Doc. 5). The court ORDERS that this action be TRANSFERRED to the United States District Court for the Middle District of Alabama, where venue is proper in this case.

Dated at Burlington, in the District of Vermont, this 31st day of March, 2026.

Geoffrey W. Crawford, Judge
United States District Court

4